UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

No. 25-20053

HON. Nancy G. Edmunds

    v.

KEVIN DELGADO,

    Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

The defense recommends a non-custodial sentence. For the reasons stated below, the defense believes that the recommended sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). The focus is "on the sentence's ability to accomplish the [statutory] sentencing purposes." *See United States v. Clark*, 469 F.3d 568, 571 (6th Cir. 2007).

**I.    Procedural History**

1

The procedural history on the instant matter is sufficiently and accurately laid out in the Presentence Investigation Report (Presentence Investigation Report, ECF No. 12 at ¶¶ 1-9). In the interest of brevity, and to avoid redundancy, defense counsel respectfully requests that this Court refer to that report.

II. **Offense conduct**

The offense conduct for which Mr. Delgado has been convicted is detailed in the Presentence Investigation Report. (Presentence Investigation Report, ECF No. 12 at ¶¶ 9-18). In the interest of brevity, and to avoid redundancy, defense counsel respectfully requests that this Court refer to that report.

III. **Sentencing Guidelines Calculations**

The United States Probation Officer has calculated Mr. Delgado's sentencing guidelines at 12 to 18 months, based on a total offense level of 13 and a criminal history category of I. (Presentence Investigation Report, ECF No. 12 at ¶69). Undersigned counsel concurs with Probation's calculation.

IV. **Section 3553(a) Factors**

Through 18 U.S.C. § 3553(a), Congress has provided the relevant factors to be considered by sentencing courts in imposing a "sentence sufficient, but greater than

necessary." The defense argues below why a non-custodial sentence of is appropriate to meet the ends as outlined in 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense and History and Characteristics of Mr. Delgado.

The nature and the circumstances of the offense for which Mr. Delgado has been convicted are detailed in the Presentence Investigation Report. (Presentence Investigation Report, ECF No. 12 at ¶¶ 9-18). Anyone and everyone who is not living on the dark fringe of society and political belief would have to agree that Mr. Delgado's messages are heinous, hateful, and unacceptable. There is simply no denying that. Undersigned counsel finds it ironic that an individual who himself is a minority and person of color would verbally attack others based on ethnicity and sexual orientation. These attacks were clearly being made by a person who was not, at that time, in their right mind. Mr. Delgado was dealing with mental health issues that were exacerbated by alcohol and marijuana abuse. Those messages he sent are illustrative of the stereotypical internet troll that lives in their parents' basement hiding behind a keyboard and monitor. As vile and disgusting as those messages were, undersigned counsel hopes this Court can appreciate the fact that Mr. Delgado was struggling with his mental health and had no intention of acting on those messages.

Mr. Delgado's criminal history (Presentence Investigation Report, ECF No. 12 at ¶¶ 32-38) and personal history and characteristics (Presentence Investigation

3

Report, ECF No. 12 at ¶¶ 39-66) are accurately described on the Presentence Investigation Report.

Regarding Mr. Delgado's criminal history, undersigned counsel would like to highlight a few points. Mr. Delgado pled guilty to a Disorderly Conduct charge in June of this year for actions involving a public figure that are strikingly similar to the conduct Mr. Delgado has pled to on this matter. Under New York State law, a Disorderly Conduct is a violation level offense and is treated as a non-criminal disposition.

Regarding Mr. Delgado's "Other Criminal Conduct", undersigned counsel would like to point out that he received ACD's on those matters. ACD stands for Adjournment in Contemplation of Dismissal. Under New York State law, an ACD is not an admission of guilt. Once the adjournment date arrives and there are no new contacts with the criminal justice system, the matter is dismissed and sealed, and the person is restored to the same legal position they were in prior to having been accused of a crime.

    **B. Seriousness of the Offense, Promoting Respect for Law, and Providing Just Punishment.**

The defense understands the seriousness of this offense. No one should be subject to such vile verbal attacks. Mr. Delgado regrets his actions and is deeply sorry for his troubling behavior. Undersigned counsel is of the understanding that Mr. Delgado, at the time, did not know he was breaking the law. That is not a defense to

4

his actions, but it is noteworthy that he has not engaged in such conduct since October of 2023 – approximately two years ago. He was arrested in mid-February of this year, released on bond, and placed on pre-trial supervision. He has had no new contacts with the criminal justice system and is in full compliance with pre-trial services. Mr. Delgado is engaged in programming and has recently completed a twelve-session program at Samaritan Village in Queens, NY where he learned about coping skills. See, Certificate of Completion (Exhibit "A"). Taking into consideration Mr. Delgado's performance under pre-trial supervision and his behavioral adjustment post October 2023, it would appear as though he would be a suitable candidate for further supervision and that a custodial sentence would be unnecessary.

### C. Affording Adequate Deterrence.

Mr. Delgado does not have any prior criminal convictions. He now stands a felon. As the Court is surely aware, a felony conviction has far reaching collateral consequences that will impact every aspect of his life moving forward. This is especially true in a place like New York where a felony conviction often precludes individuals from obtaining a host of licenses and prevents individuals from receiving certain benefits like subsidized housing. Mr. Delgado understands that if here were ever to engage in similar behavior the consequences would increase exponentially. His conduct while on pre-trial supervision is indicative of someone who has been

deterred. Mr. Delgado has never been to prison and hopes dearly that he will not have to go now.

### D. Protecting the Public.

There is no indication that Mr. Delgado intended or planned to act on his threats. He was full of offensive hot air. Undersigned counsel understands that harm comes in multiple forms. Among others, the most common are physical and emotional harm. While Mr. Delgado did not inflict any apparent physical harm on anyone, it is reasonable to conclude that his actions inflicted emotional harm. The defense would agree that the public should be protected from the infliction of emotional harm. The defense believes this Court can fashion a sentence where a condition of which would be to restrict Mr. Delgado from using certain social media platforms. A custodial sentence would not be necessary in achieving this goal.

### V. Conclusion

For the reasons stated above, the defense respectfully recommends that this Court impose a non-custodial sentence.

/s/ Senad Ramovic

/s/ Senad Ramovic
Senad Ramovic, Esq.
Assistant Fed. Comm. Defender
Tel: 313-967-5829
Dated: September 15, 2025                Email: senad_ramovic@fd.org

CERTIFICATE OF SERVICE

The defense hereby certifies that on September 15, 2025, the foregoing document was electronically filed with the Clerk of the Court which will send an electronic copy of the same to the attorneys of record.

|  |  |
|---|---|
|  | /s/ Senad Ramovic |
|  | /s/Senad Ramovic |
|  | Senad Ramovic, Esq. |
|  | Assistant Fed. Comm. Defender |
|  | Tel: 313-967-5829 |
| Dated: September 15, 2025 | Email: Senad_Ramovic@fd.org |